## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JON MARK LAMONTE, | : |
| | : |
| Plaintiff, | : |
| | :  Civil Action Number: |
| vs. | : |
| | :  1:10-CV-02658-JOF |
| CRAWFORD & COMPANY, | : |
| | : |
| Defendant. | : |

### JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Local Rule 16.2, Plaintiff and Defendant submit their Joint Preliminary Report and Discovery Plan, showing the Court as follows:

**1.     Description of Case:**

(a)     Describe briefly the nature of this action.

Plaintiff:

This is an action under the Fair Labor Standards Act, of 1938 (as amended) (29 U.S.C. § 201 et. seq.) (the "FLSA") to recover damages available under the FLSA.  Plaintiff is a former employee of Crawford & Company and brings this action (1) to recover the overtime pay that was denied him and an additional amount as liquidated damages and (2) for his costs of litigation, including his reasonable attorneys' fees.

Plaintiff initiated this action alleging that Defendant intentionally and willfully did not pay him overtime compensation for time worked in excess of 40 hours in a work week, in violation of the Fair Labor Standards Act ("FLSA").

Defendant denies these allegations and contends that Plaintiff was paid lawfully.

Defendant:

Plaintiff alleges that Defendant "willfully and repeatedly" violated the FLSA by failing to pay him adequately for his overtime work between August 24, 2007 and August 6, 2010. Plaintiff seeks to recover alleged unpaid overtime compensation, liquidated damages, costs, and attorneys' fees. Defendant denies Plaintiff's allegations and denies that he is owed any of the relief he seeks.

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiff:

Defendant employed Plaintiff as a Surveyor from January 2002 through August 6, 2010. In this position, Plaintiff was not exempt from minimum wage or overtime pay. During the course of his employment, Plaintiff regularly worked in excess of forty hours per week, but Defendant did not compensate him for this work as required by statute.

Defendant:

Defendant employed Plaintiff as a Surveyor, or in a similar capacity, from approximately January 11, 2002 until August 6, 2010.  Throughout the relevant time period, which reaches back to August 24, 2007, Plaintiff was paid for his overtime work in compliance with the FLSA.  The hours he worked each workweek were reported by Plaintiff himself.  Defendant lawfully and in good faith compensated Plaintiff for all hours worked during the relevant time period.

    (c)    The legal issues to be tried are as follows:

- Whether Defendant properly compensated Plaintiff for work performed in excess of forty (40) hours per week in accordance with the FLSA.

- If Defendant failed to compensate Plaintiff for overtime in accordance with the FLSA, then:

    o   Whether Plaintiff is entitled to an award of damages for unpaid overtime compensation and, if so, in what amount;

    o   Whether Plaintiff is entitled to an award of liquidated damages pursuant to the FLSA and, if so, in what amount; and

    o   Whether Plaintiff is entitled to an award of attorneys' fees and costs and, if so, what amount.

    (d)    The cases listed below (include both style and action number) are:

      (1)    Pending Related Cases:  None.

      (2)    Previously Adjudicated Related Cases:  None.

**2.   This case is complex because it possesses one (1) or more of the features listed below (please check):**

None.

\_\_\_\_\_  (1)  Unusually large number of parties
\_\_\_\_\_  (2)  Unusually large number of claims or defenses
\_\_\_\_\_  (3)  Factual issues are exceptionally complex
\_\_\_\_\_  (4)  Greater than normal volume of evidence
\_\_\_\_\_  (5)  Extended discovery period is needed
\_\_\_\_\_  (6)  Problems locating or preserving evidence
\_\_\_\_\_  (7)  Pending parallel investigations or action by government
\_\_\_\_\_  (8)  Multiple use of experts
\_\_\_\_\_  (9)  Need for discovery outside United States boundaries
\_\_\_\_\_  (10) Existence of highly technical issues and proof

**3.   Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    <u>Plaintiff</u>:    Kevin D. Fitzpatrick, Jr.
                      3100 Centennial Tower
                      101 Marietta Street
                      Atlanta, Georgia 30303

                      Charles R. Bridgers
                      3100 Centennial Tower
                      101 Marietta Street
                      Atlanta, Georgia 30303

    <u>Defendant</u>:   Brett C. Bartlett
                      Kevin M. Young
                      SEYFARTH SHAW LLP
                      1075 Peachtree Street NE

Suite 2500
Atlanta, Georgia 30309-3962

**4.**     **Jurisdiction:**  U.S. District Court for Northern District of Georgia.

Is there any question regarding this court's jurisdiction?

____ Yes     _X_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.**     **Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:  None.

(b)    The following persons are improperly joined as parties:  Not applicable.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:  Not applicable.

(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.**     **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:  The parties do not currently anticipate any necessary amendments to the pleadings.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY

(30) DAYS after the the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)   *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)   *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)   *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

The parties stipulate that any Motions for Summary Judgment will be due on or before April 23, 2011. Also, a proposed consolidated pretrial order will be filed by the parties in accordance with Local Rule 16.4 no later than April 23, 2011, or upon ruling on any pending Motion for Summary Judgment.

**8.     Initial Disclosures.**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection.

Neither party objects to the appropriateness of initial disclosures.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

**10.   Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties need discovery regarding Plaintiff's claims against Defendant and the defenses asserted by Defendant. As a FLSA case, this case is subject to a four-month discovery track. Thus, discovery will run from November 24, 2010 through March 24, 2011.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:

At this time, the parties do not anticipate needing additional time beyond the designated four-month discovery track. Nevertheless, the parties reserve the right to request discovery extensions as the need arises.

**11.   Discovery Limitation:**

What changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on Monday, November 22, 2010, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead counsel (signature):  s/ Kevin D. Fitzpatrick, Jr.
  s/ Charles Bridgers

Other participants:  None

For Defendant: Lead counsel (signature): s/ Brett C. Bartlett

Other participants:  Kevin M. Young

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.
( X ) A possibility of settlement after discovery.
(___) A possibility of settlement, but a conference with the judge is needed.
(___) No possibility of settlement.

(c) Counsel ( X ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is after discovery.

(d) The following specific problems have created a hindrance to settlement of this case: None.

**14.    Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (___) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day of _____, 2010.

(b)    The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.


s/ Kevin D. Fitzpatrick, Jr.                                s/ Brett C. Bartlett
s/ Charles R. Bridgers

Counsel for Plaintiff                                        Counsel for Defendant



* * * * * * * * * * * * *
## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions,

completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

*Motions for summary judgment will be due on or before April 23, 2011.*

IT IS SO ORDERED, this _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JON MARK LAMONTE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action Number: |
| vs. | : | |
| | : | 1:10-CV-02658-JOF |
| CRAWFORD & COMPANY, | : | |
| | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

I certify that on December 9, 2010, I electronically filed the parties' **Joint Preliminary Report and Discovery Plan** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Brett C. Bartlett
Seyfarth Shaw LLP
1075 Peachtree Street NE, Suite 2500
Atlanta, Georgia 30309-3962

*s/Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No. 080791
Counsel for Plaintiff