**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Jon Mark LaMonte, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-cv-02658-JOF |
| Crawford & Company, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER & OPINION**

This matter is before the court on Plaintiff's Motion to Compel Discovery and Motion
for Sanctions [31].

**I.     Background**

**A.     Factual and Procedural History**

Plaintiff Jon Mark LaMonte filed the present suit against Defendant Crawford &
Company on August 24, 2010. Plaintiff asserts that Defendant failed to comply with the Fair
Labor Standards Act, 29 U.S.C. § 201 *et. seq*., by failing to pay Plaintiff overtime for hours
worked. The present motion concerns a discovery dispute. Discovery was originally set to
end in the case on March 24, 2011, but the court extended that time, on joint motion by the

parties, to May 20, 2011. On May 13, 2011, five business days before the end of the discovery period, Plaintiff served three deposition notices on Defendant, noticing the depositions for May 20, 2011 - the last day of the discovery period. The depositions were noticed for three of Defendant's employees – two of Plaintiff's former supervisors and the vice president of the division that Plaintiff worked in when he was Defendant's employee. Plaintiff contends that Defendant "stubbornly refused to make its witnesses available within the discovery period . . . [and] further has been unresponsive to Plaintiff's attempts to accommodate Defendant by suggesting that it could take the depositions on any day prior to the end of the discovery period." D.E. [31], 4.

First, on the day the deposition notices were served, Plaintiff's counsel provided an affidavit in which he testifies that he discussed the depositions with Defendant's counsel and offered to schedule them at some other time during the week to "accommodate scheduling."[1] On May 16, 2011, Defendant informed Plaintiff that the three potential deponents were unavailable on the noticed Friday due to prior commitments. Plaintiff's counsel contends that the attorneys discussed the possibility of requesting an extension of time of the discovery period, but no motion for extension was filed.  On May 18, Defendant's counsel suggested that two of the deponents could now be available the following week, which the

---

[1]  The court notes, however, that this would have given Defendant even less time to prepare for the depositions, as the depositions were noticed for a Friday, which was also the last day of the discovery period.

court notes was outside of the discovery period set by the court, but Plaintiff contends that "Defendant's counsel did not commit to this schedule."[2] Also on May 18, Defendant informed Plaintiff that one of the deponents could be available on May 20, 2011, but Plaintiff's counsel was away from his office when the email was sent to him. On the morning of May 19, Defendant's counsel informed Plaintiff that the deponent would no longer be available because counsel would have insufficient time to prepare based on Plaintiff's counsel's failure to respond to the May 18 email from Defendant.

In response, Defendant states that Plaintiff's version of the events is not accurate. The depositions were noticed on May 13, 2011, a Friday, and on the next business day, Monday, May 16, 2011, Defendant informed Plaintiff that the individuals were not available to be deposed on May 20. According to Defendant, Plaintiff's counsel did not respond to that email, so on May 17 Defendant's counsel again asked what other days might be good for the deposition since the noticed day was not. Defendant also told Plaintiff it would not oppose a motion to extend the discovery deadline, but Plaintiff's counsel also did not respond to that email. On Wednesday May 18, Defendant's counsel notified Plaintiff's counsel that one of the deponents had become available for a deposition on Friday at 10 a.m. and asked if Plaintiff wanted to proceed with the deposition as noticed. Plaintiff's counsel

_____

[2] Defendant contends and presents ample evidence that it was in fact Plaintiff that was unresponsive to Defendant's attempts to extend the discovery period and schedule the depositions for the week following the close of discovery.

did not respond that day, according to Defendant, and having received no response, Defendant's counsel emailed Plaintiff's counsel to inform them that Defendant would not waste the time or effort to prepare for a deposition that Plaintiff might or might not appear at.

### B.   Contentions

Based on the above, none of the three noticed depositions went forth before the discovery period ended, and Plaintiff did not file a motion for extension of time. Instead, he filed this motion to compel, seeking to compel the depositions of those three employees of Defendant. Plaintiff contends that Defendant improperly refused to make the deponents available for a deposition, and further, that Plaintiff should receive costs and attorney's fees arising out of this failure. Defendant contends that not only were the deposition notices insufficient because Plaintiff failed to provide reasonable notice of the deposition, but further, Defendant clearly attempted to cooperate and set the depositions up, despite having little time to prepare. Defendant also seeks costs for having to respond to the present motion. Plaintiff did not file a reply brief.

## II.   Analysis

Federal Rule of Civil Procedure Rule 30(b)(1) states that "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Where a party fails to appear at a properly noticed deposition, the noticing party may file

a motion pursuant to Federal Rule of Civil Procedure 37(a), seeking this court to issue an order compelling the deponent's appearance. There is no set time limit for what constitutes "reasonable" notice. However, the court finds that in light of the facts before the court, giving Defendant only five business days notice for three separate depositions to take place on the same day is not reasonable. Not only did this arguably not provide Defendant adequate time to prepare for the depositions, but Plaintiff has given the court no reason why it waited until the last second to notice these depositions. Further, it appears from the evidence presented by both parties, that Defendant did in fact attempt to accommodate Plaintiff in several ways, including by conceding that it would not oppose a motion requesting another extension of the discovery period and attempting to make one of the deponents available, but Plaintiff was less than diligent in attempting to cooperate and schedule the depositions. Plaintiff did not properly notice the depositions as required by Rule 30( b)(1), and as such, Plaintiff's Motion to Compel Discovery and Motion for Sanctions is DENIED [31].

Defendant seeks sanctions pursuant to Rule 37(a)(5)(B), which states that where a motion to compel is denied, the court "must . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an

award of expenses unjust." Plaintiff has failed to respond to Defendant's arguments that sanctions against Plaintiff are appropriate, and further, the court finds that Plaintiff's motion was not substantially justified nor does there appear to be other circumstances that would make an award of expenses unjust. As such, the court must award Defendant reasonable expenses. Defendant is DIRECTED to file a motion seeking reasonable expenses within twenty (20) days of the date of this order. That motion must comply with *Norman v. Housing Auth.*, 836 F.2d 1292 (11th Cir. 1988) (Forrester, J.), and *ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999).

   **IT IS SO ORDERED** this 9th day of August, 2011.


          _____ /s/   J. Owen Forrester_____

           J. OWEN FORRESTER

        SENIOR UNITED STATES DISTRICT JUDGE

6