UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JON MARK LAMONTE,<br><br>  Plaintiff,<br><br> v.<br><br>CRAWFORD & COMPANY,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action Number:<br>)<br>) 1:10-cv-02658-JOF<br>)<br>)<br>)<br>) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION FOR REASONABLE EXPENSES**

Defendant Crawford & Company, by its attorneys and pursuant to Local Rule 7.1(A)(1), hereby files this memorandum in support of its Motion for Reasonable Expenses of Opposing Plaintiff's Motion to Compel Discovery and For Sanctions ("Motion"), which this Court directed Defendant to file in its August 9, 2011 Order & Opinion. In support of its Motion, Defendant states as follows:

**INTRODUCTION**

Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure provides that where a motion to compel is denied, "the court . . .must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the [opposing] party . . . its reasonable expenses incurred in opposing the motion,

including attorney's fees." In its Opposition to Plaintiff's Motion Compel Discovery and For Sanctions (Dkt. 33), Defendant asked this Court to enter an order denying Plaintiff's motion (Dkt. 31) and to award Defendant its reasonable expenses, including attorney's fees, under this rule.

On August 9, 2011, this Court granted the order that Defendant requested. After denying Plaintiff's Motion to Compel Discovery and For Sanctions for the very reasons set forth in Defendant's 55-page, 11-exhibit Opposition filing,[1] this Court determined that it "must award Defendant" the reasonable expenses it requested under Rule 37(a)(5)(B). *See* Order & Opinion at 6, Dkt. 36. This ruling rested upon separate, independent grounds, namely that (i) Plaintiff "failed to respond to Defendant's arguments that sanctions against Plaintiff are appropriate," and (ii) "further, . . . Plaintiff's [Motion to Compel] was not substantially justified nor does there appear to be other circumstances that would make an award . . . unjust." *Id.*

---

[1] Specifically, this Court agreed that Plaintiff did not properly notice the depositions he sought to compel because: (i) he gave "only five business days' notice for three separate depositions," all to take place on the final day of the extended six-month discovery period; (ii) his counsel gave "no reason why it waited until the last second to notice these depositions"; and (iii) the evidence showed "that Defendant did attempt to accommodate Plaintiff in several ways, . . . but Plaintiff was less than diligent in attempting to cooperate and schedule the depositions." *See* Order & Opinion at 5, Dkt. 36.

Thus, the question of whether an award of Defendant's reasonable expenses is appropriate has already been determined in Defendant's favor. What has not been determined, however, is the amount of such expenses. For this reason, this Court has directed Defendant to file the instant Motion. *Id.*

With this Motion, Defendant seeks $17,424.00 in reasonable expenses from Plaintiff and/or his counsel, which is comprised of 32.6 hours of attorney time to prepare Defendant's Opposition brief, as well as 27.0 hours of attorney time to prepare the instant Motion as directed by this Court. As discussed below, this amount is proper under Rule 37(a)(5)(B) of the Federal Rules as well as *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) (Forrester, J.) and *ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999), the authority to which this Court has directed Defendant's attention. *See* Order & Opinion at 6, Dkt. 36 ("Defendant is DIRECTED to file a motion seeking reasonable expenses . . . [t]hat motion must comply with *Norman* . . . and *Barnes* . . .").

## LEGAL AUTHORITY & ANALYSIS

### I. Standard of Review.

Under *Norman* and *Barnes*, the calculation of a reasonable award of fees begins with the principle that the court "is to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Housing Auth. of Montgomery*, 836 F.2d

1292, 1299 (11th Cir. 1988) (Forrester, J.); *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("A reasonable attorney fees award is . . . 'properly calculated by multiplying the number of hours reasonably expended . . . times a reasonable hourly rate.'"). In determining these amounts, a district court may consider the twelve factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.* at 1299.[2] Once a reasonable hourly rate and a number of hours are determined, the two are multiplied to determine the "lodestar" amount. *Id.* at 1301-02. Before an award is made, the lodestar may then be adjusted at the court's discretion based upon the results obtained. *Id.* at 1302.

## II. Defendant is Entitled to an Award of $17,424.00 in Fees.[3]

Pursuant to Rule 37(a)(5)(B) of the Federal Rules, as well as this Court's August 9, 2011 Order, Defendant is entitled to recover $17,424.00 from Plaintiff and/or his counsel for Defendant's reasonable expenses in opposing Plaintiff's Motion to Compel Discovery and For Sanction. This amount is summarized in the

---

[2] *Johnson* mandates twelve factors that district courts should balance in awarding fees, including: (1) the time and labor required; (2) the novelty and difficulty of the legal questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is contingent; (7) the time limitations imposed; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[3] The facts asserted in this section are supported by the Declaration of Brett C. Bartlett and the Declaration of Angelo Spinola, each of which is submitted contemporaneously herewith.

following table and detailed more fully, in line with *Norman*, in the following sections and the Affidavit of Brett C. Bartlett, Defendant's Lead Counsel:

| Biller | Hours | Rate to Defendant | Total |
|---|---|---|---|
| Brett C. Bartlett | 4.7 | $ 495.00 | $ 2,326.50 |
| Kevin M. Young | 54.9 | $ 275.00 | $ 15,097.50 |
| Total | | | $ 17,424.00 |

As discussed below and detailed in the supporting documents, the rates and hours depicted above are reasonable under the governing authority.

### A.     The Rates Billed to Defendant by its Counsel are Reasonable.

Mr. Bartlett's and Mr. Young's hourly rates are reasonable. Under the law of the Eleventh Circuit, reasonable hourly rates are "the prevailing market rate[s] in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *ACLU v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).

Both Mr. Bartlett and Mr. Young specialize in labor and employment law, and, more specifically, in wage-hour litigation. Bartlett Decl. ¶¶ 3-4. Mr. Bartlett is chair of the Atlanta Department of Seyfarth Shaw LLP's nationally-recognized Labor & Employment Group. He is also a leader in the Firm's National Wage & Hour Litigation Practice Group. For the past decade, Mr. Bartlett has devoted the

5

majority of his practice to defending employers across the country in wage-hour litigation. He has handled approximately 100 lawsuits during this time, both under the FLSA and its state law corollaries, ranging from high-exposure single-plaintiff cases to large-scale collective actions. Additionally, he has spearheaded countless large-scale counseling engagements to advise employers of their obligations under these laws. *See id.* at ¶ 3.

Mr. Young also works in the Atlanta Department of Seyfarth's Labor & Employment Group and is a member of the Firm's National Wage & Hour Litigation Practice Group. Now entering his fourth year of practice, he devotes nearly all of his time to advising employers of their rights and obligations under the FLSA and representing management in disputes arising under state and federal wage and hour laws. *See id.* at ¶ 4.

With the skill, expertise, and experience of Mr. Bartlett and Mr. Young in mind, the hourly rates that they charged Defendant in opposing Plaintiff's Motion to Compel Discovery and For Sanctions are reasonable. This conclusion is supported not only by Mr. Bartlett's declaration, but also the Declaration of Angelo Spinola, a partner in the Atlanta office of the well-known labor and employment firm, Littler Mendelson, P.C., who specializes in wage-hour litigation. *See* Bartlett Decl. ¶¶ 3-6; Spinola Decl. ¶¶ 3-4; *see also Norman*, 836 F.2d at 1300,

1303 (noting that "[i]t is perfectly proper to award attorney's fees based solely on affidavits," but also that "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work").

### B. The Hours Billed to Defendant by its Counsel, Both for Preparing its Opposition and the Instant Motion, are Reasonable.

Mr. Bartlett and Mr. Young spent 32.6 total hours preparing and filing Defendant's Opposition to Plaintiff's Motion to Compel Discovery and For Sanctions, and no less than 27.0 hours preparing the instant Motion, including its supporting documents. This time is reasonable under the prevailing standards. Under *Barnes* and *Norman*, the fee attorneys must have exercised "billing judgment"; in other words, "excessive, redundant or unnecessary" hours should be excluded from the fee application. *Barnes*, 168 F.3d at 428; *Norman*, 836 F.2d at 1301. Indeed, Mr. Bartlett and Mr. Young have exercised good billing judgment.

#### 1. The 32.6 Hours Billed by Defendant's Counsel for Preparing Defendant's Opposition are Reasonable.

Mr. Bartlett and Mr. Young charged 1.7 and 30.9 hours, respectively, for the preparation of Defendant's Opposition to Plaintiff's Motion to Compel Discovery and For Sanctions; their brief totaled 55 pages and provided this Court with eleven exhibits, in addition to declaration testimony, in support of Defendant's position. *See* Dkt. 33; Bartlett Decl. ¶¶ 8-9. Such an effort was necessary for multiple

7

reasons. First, Plaintiff's request for sanctions against Defendant and its counsel, *see* Dkt. 31, made his motion one which Defendant had to take especially seriously. Second, Plaintiff himself provided this Court with a declaration and five emails in an attempt to show that Defendant was somehow to blame for his failure to take depositions. *See* Dkt. 31-1. Only by presenting and explaining the fuller record of facts and correspondence could Defendant refute this charge and show this Court that it had made a reasonable attempt to accommodate Plaintiff, despite his failure to properly notice the depositions he later moved to compel. Such efforts were crucial to Defendant's opposition efforts; indeed, this Court acknowledged in its August 9, 2011 Opinion & Order that it was swayed, in part, by Defendant's "ample evidence that it was in fact Plaintiff that was unresponsive to Defendant's attempts to extend the discovery period and schedule the depositions . . . ." *See* Order & Opinion at n.2, Dkt. 36.

While "redundant hours" may occur "where more than one attorney represents a client," the evidence readily demonstrates that efforts were not duplicated in this matter. Indeed, Mr. Bartlett, who charged a billing rate of $495.00 per hour, expended only a fraction of the hours required to oppose Plaintiff's motion, billing Defendant only at the very outset of its opposition efforts (at which time a response strategy was prepared) and just before filing (in order to

8

review and revise the Opposition drafted by Mr. Young). *See* Bartlett Decl. ¶¶ 8-9. Defendant's counsel's efforts in preparing its winning brief were therefore coordinated so as to optimally pair Mr. Bartlett's expertise with Mr. Young's lower billing rate. Nevertheless, the time required of both attorneys, and the importance of the brief commanded the hours that Mr. Bartlett and Mr. Young devoted to it, a point urged by the fact that Plaintiff was seeking sanctions against Defendant, *see* Dkt. 31, and evidenced by the fact that this Court relied on

Further, Defendant would note that its request for fees is based solely upon the tasks that its counsel engaged in as a result of having to oppose Plaintiff's Motion to Compel. For example, while Defendant incurred fees when its counsel took steps to avoid this dispute by making "attempts to extend the discovery period and schedule the depositions for the week following the close of discovery," *see* Order & Opinion at n.2, it does not seek fees for those services as they did not arise in the course of Defendant's opposition; instead, Defendant seeks fees only for the preparation of the Opposition brief and, as discussed below, the instant Motion.

### 2. The 27.0 Hours Billed by Defendant's Counsel for Preparing the Instant Motion are Reasonable.

As detailed in Mr. Bartlett's affidavit, the requested fees include 27.0 hours for preparing the instant Motion (a conservative total, given that it excludes day-of-filing billable work), given that such hours are part and parcel of Defendant's

opposition efforts—simply put, such hours would not have been necessary had Plaintiff not acted without substantial justification and filed his motion to compel. *See* Bartlett Decl. 11; *see also Bowers v. ClearOne Commc'ns*, No. 1:09-cv-0100-JRH-WLB, Dkt. 72 (S.D. Ga. Aug. 12, 2011) (awarding defendant not only for hours spent drafting an opposition to a motion to compel, but also hours spent preparing the ensuing fee request). As noted above, this Court has agreed to award Defendant its reasonable expenses under Rule 37(a)(5)(B), which provides for the recovery of reasonable expenses in this very context; to do so, this Court has directed Defendant to file the instant Motion. As courts such as *Bowers*, *supra*, have implicitly recognized, if the time spent preparing this Motion were itself not recoverable, then Rule 37(a)(5)(B) would be hindered, with an award-worthy party such as Defendant reducing its award—penalizing itself—for preparing a sound motion to recover the award.

In sum, Mr. Bartlett and Mr. Young have exercised good billing judgment, and the hours upon which Defendant's requested award is based are reasonable. This conclusion is supported not only by the arguments set forth above, but also the Declaration of Angelo Spinola. *See* Spinola Decl. ¶ 5.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests this Court to award Defendant its reasonable expenses in opposing Plaintiff's Motion to Compel Discovery and For Sanctions in the amount of $17,424.00, in addition to any other relief it deems appropriate.

## CERTIFICATE OF FONT SIZE

Pursuant to Local Rule 7.1(D), Defendant's counsel certifies that this brief has been prepared in Times New Roman 14-point, one of the fonts approved in Local Rule 5.1(B).

Respectfully submitted, this 24th day of August 2011.

CRAWFORD & COMPANY

s/ Brett C. Bartlett
Brett C. Bartlett
Georgia Bar No. 040510
SEYFARTH SHAW LLP
1075 Peachtree Street NE
Suite 2500
Atlanta, Georgia  30309-3962
(404) 885-1500 Phone
(404) 892-7056 Facsimile
E-Mail:  bbartlett@seyfarth.com

Counsel for Defendant

13651098v.2