IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JON MARK LAMONTE : | |
| : | |
| **Plaintiff,** : | |
| : | Civil Action Number: |
| vs. : | |
| : | 1:10-CV-02658-JOF |
| CRAWFORD & COMPANY, : | |
| : | |
| **Defendant.** : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR REASONABLE EXPENSES OF OPPOSING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

Plaintiff, Jon Mark Lamonte, through his Counsel, hereby responds to Defendant's Motion for Reasonable Expenses of Opposing Plaintiff's Motion to Compel Discovery and for Sanctions, showing the Court as follows.

Plaintiff opposes the Motion because the amount sought by Defendant's counsel for opposing a discovery motion is patently and undeniably excessive in light of:

(a) the time and labor reasonably required to respond to a Motion to Compel discovery;

(b) the lack of novelty or particular difficulty of the legal questions involved;

(c) the relatively basic level of skill required to perform the legal services properly;

(d) the lack of any impact that Defendant's acceptance of the case had upon their Counsel's ability to accept other employment;

(e) the customary fees charged for similar work in the community;

(f) the relatively standard time-limits imposed for filing Defendant's opposition to Plaintiff's Motion to Compel;

(g) the relatively modest result obtained as a consequence of Defense Counsel's work, including the lack of any financial award other than their attorneys' fees and costs;

(h) the experience, reputation, and ability of the attorneys involved in drafting and filing the Motion;

(i) the total lack of any evidence or even argument about the "undesirability" of preparing and filing the Opposition to the Motion;

(j) the absence of any evidence relating to the nature and length of Defense Counsel's professional relationship with Defendant; and

(k) the fact that the amount sought by Defendant's counsel, $17,424.00, exponentially exceeds the awards granted by Judges in the Northern District of Georgia in similar Motions.

The profoundly over-grasping and extravagant reach of Defendant's attorneys' fees claim makes it clear that Defendant seeks to recover a fee windfall rather than a fair or just fee for the time and skill actually required to prepare a

competent response to Plaintiff's discovery Motion. Due to this excessiveness, Plaintiff respectfully submits that the Court should deny Defendant's fee request altogether as a means of discouraging similarly outlandish fee requests in the future.

Alternatively, Plaintiff asks that the Court award Defendant a sum equal to that which Judge William C. O'Kelley granted recently in two cases involving discovery motions: the sum of $500.00.[1]

### Argument

The Court is already familiar with the facts of the events leading up to Plaintiff filing his Motion to Compel Defendant to produce three witnesses in the closing days of the extended discovery period. Plaintiff therefore, will not rehash those facts or arguments except to note that Plaintiff's Motion was a mere 4 pages long and was supported by Plaintiff's Counsels' 13 page Declaration setting forth the facts he believed were relevant to the Court's exercise of its sound discretion.

1.   **Defendant Must Not be Permitted to Recover Fees That are Excessive for Work that was Unnecessary to Respond to Plaintiff's Motion to Dismiss.**

---

[1] See, *Rintoul et al. v. Tolbert et al.,* Case No. 2:09:CV-00202-WCO, Document 84, Filed August 27, 2010 (Attached hereto for the Court's convenience as Exhibit 1): and *Moore et al. v. Tolbert, et al.,* Case No. 2:10-CV-00099-WCO, Oral Order entered on Court Docket, April 13, 2011 (A Copy of the Docket is attached for the Court's convenience as Exhibit 2).

As noted in its instant Motion, Defendant responded to Plaintiff's relatively succinct discovery motion by producing a *tome* of a brief in opposition which totaled 55 pages, accompanied by eleven (11) exhibits in addition to declaration testimony.[2]  The Court, in its sound discretion denied Plaintiff's request to require the witnesses' depositions, and directed Defendant to submit its application for the *reasonable* attorneys fees required to defend against Plaintiff's motion.

While Defendant correctly lists the evidentiary factors which this Court applied to attorneys fee awards under Rule 37(a)(5)(B) in *Norman v. Housing Authority of Montgomery*[3] and *ACLU v. Barnes,*[4] Defendant's application for fees utterly ignores the factors listed in *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 1299 (5th Cir. 1974) which the Eleventh Circuit applied in *Norman* and *Barnes*.

Plaintiff maintains the highest level of respect for the professional competence and reputation of Defense Counsel and their firm.[5] Plaintiff offers no criticism pertaining to the reasonableness of the hourly rates which Defendant's

---

[2] *See,* Defendants Memorandum of Law in Support of Its Motion for Reasonable Attorneys Fees, (Document 37-1), page 7. Defendant apparently intended to persuade the Court to deny Plaintiff's requested relief by the weight of the brief, if not of the evidence.

[3] 836 F.2d 1292 (11th Cir. 1988) (Forrester, J.)

[4] 168 F.3d 423(11th  Cir. 1999)

[5] Plaintiff's declarant, Michael A. Caldwell, began his own private law practice career as an associate attorney at Seyfarth Shaw in 1976.

counsel seeks to apply in their application for fees for Mr. Bartlett's or Mr. Young's time (except to note that the latter had not yet completed his third year of law practice as an associate attorney when he prepared Defendant's brief, and that most Atlanta-based *partner*-level labor and employment law specialists having five-times Mr. Young's experience charge hourly rates which are only slightly higher than Mr. Young's).

Defendant's fee application is woefully deficient insofar as it completely ignores the vast majority of the twelve factors listed in *Johnson. It* adequately accounts only for the skill, expertise and experience of Mr. Bartlett (whose time, compared with his Associate's, is fractional) and Mr. Young. It identifies absolutely *no* fact or circumstance which justifies Mr. Young's expenditure of ***30.9 hours*** in responding to Plaintiff's Motion.

Plaintiff submits, respectfully, that Defendant's submission of a 55 page *treatise* in opposition to Plaintiff's four page Motion to Compel discovery was itself inordinate in light of the relatively elementary nature of the legal and factual issues encompassed in the motion. Mr. Young's response to the Motion hardly required him to turn over new legal sod or to ferret out factual subtleties that were vital to determining the merits of Plaintiff's Motion. In the vernacular, Defendant's brief in opposition to Plaintiff's Motion to Compel was "over-the-top."

In the current day, where legal research is performed on line, briefs and other

legal documents are prepared with computer word-processing programs, and law firms of the size and sophistication of Seyfarth Shaw maintain extensive and comprehensive memoranda and brief "banks" covering practically every conceivable legal and procedural issue to promote efficiency and to avoid duplication of legal research and analysis; it flies in the face of common legal experience for even the most novice of attorneys to require 30.9 hours to address adequately such issues as those raised in Plaintiff's Motion to Compel. As this Court noted in its opinion in *Norman*, "excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed" in attorneys fees applications.[6]   As this Court noted:

> Excluding excessive or otherwise unnecessary hours under the rubric of "billing judgment" means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis. In the final analysis exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court . . . .[7]

### 2. Defendant Should Not be Permitted to Recover the Excessive Fees Claimed for Preparing Defendant's Attorney Fees Application.

Not content with its efforts to "strike-it-rich" in its application for fees incurred in responding to Plaintiff's discovery motion, Defendant seeks to

---

[6] *Norman, supra,* 836 F. 3d. at 1301.

[7] *Id.*

compound its unjustifiable reward for over-lawyering by adding an additional claim for work incurred in preparing its clearly excessive fee application. This adds additional affront to Defendant's utter disregard for the Court's explicit direction that Defendant account for the standards announced in the *Norman* and *Barnes* decisions, both of which applied the *Johnson* factors.

Plaintiff submits that, in assessing the award-worthiness of such an application, it is appropriate for the Court to consider the context in which the parties' discovery dispute arose. This is a suit for unpaid wages and overtime pay due under the Fair Labor Standards Act (FLSA). Plaintiff Lamonte is an individual who claims he was not properly compensated for the time he worked in accord with the FLSA. In denying Plaintiff's Motion to compel, the Court based its decision on the view that Mr. Lamonte's counsel was not sufficiently diligent in noticing the depositions of the three witnesses in a timely manner. Plaintiff thus does not have the advantage of having obtained the sworn testimony of the three defense witnesses before the case is decided. In effect, the Court's decision to deny Plaintiff's Motion to Compel serves as adequate chastisement to ensure more timely action by counsel in future cases.

Defendant's exorbitant fee application is nothing less than an attempt to staunch Plaintiff's pursuit of his rights under the FLSA by extracting additional and even greater penalties from Plaintiff as Defendant's "pound of flesh" for bringing

the instant action. Defendant once again offers no justification for the extraordinary 27.0 hours of time it claims for filing its relatively elementary attorneys' fee application. The only conceivable explanation for having spent that amount of time to prepare a ten and a quarter page brief (exclusive of certifications) in support of their fee application is that such a herculean effort was required in order to construct *some* argument (irrespective of its want of merit) to support an utterly unsupportable fee application for the response to the discovery motion itself.

## Conclusion

In its fee application, Defendant has failed to heed the Eleventh Circuit's admonition in the *Barnes* decision:

> Fee applicants must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Echerhart,* 461 U.S. 424 . . . (1983). That means they must exclude from their fee applications "excessive, redundant, or otherwise unnecessary [hours]," *id,* which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel .
> . . .
>
> If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are "excessive, redundant, or otherwise unnecessary." Courts are not authorized to be generous with the money of others and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see than an adequate amount is awarded.[8]

Unlike Defendant, Plaintiff herein has raised objections and proof that are

---

[8] *Barnes, supra,* 168 F.3d at 428.

reasonably precise in opposition to Defendant's claims concerning hours that should be excluded. Plaintiff has shown that Defendant's filing of a 55 page brief in opposition to Plaintiff's motion to compel three defense witnesses to testify in the closing days of the discovery period was excessive, unnecessary, and far beyond what the court required. This was far in excess of what any court reasonably needed to receive to decide the merits of such straightforward procedural and legal issues. The time claimed for such unnecessary work should not be compensable.

Plaintiff respectfully submits that the Court can and should sanction such excessiveness in a fee application by denying it altogether. Alternatively, should the Court determine that *some* attorneys fee award is in order, Plaintiff respectfully submits it should award the same amount that Senior District court Judge William O'Kelley awarded: no more than the sum of $500.00.

Respectfully submitted this 12th day of September, 2011.

**DELONG, CALDWELL, BRIDGERS & FITZPATRICK, LLC**

*s/Kevin D. Fitzpatrick, Jr.*  
Kevin D. Fitzpatrick, Jr.  
Ga. Bar No. 262375  
3100 Centennial Tower  
101 Marietta Street  
Atlanta, GA 30303  
(404) 979-3171  
(404) 979-3170 (f)  
kevin.fitzpatrick@dcbflegal.com  

Counsel for Plaintiff

*s/Charles R. Bridgers*  
Charles R. Bridgers  
Ga. Bar No. 080791  
3100 Centennial Tower  
101 Marietta Street  
Atlanta, GA 30303  
(404) 979-3150  
(404) 979-3170 (f)  
charlesbridgers@dcbflegal.com  

Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JON MARK LAMONTE** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil Action Number:** |
| vs. : | |
| : | **1:10-CV-02658-JOF** |
| **CRAWFORD & COMPANY,** : | |
| : | |
| **Defendant.** : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **Plaintiff's Response to Defendant's Motion for Reasonable Expenses of Opposing Plaintiff's Motion to Compel Discovery and for Sanctions** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Brett C. Bartlett
Seyfarth, Shaw LLP
1075 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30309

Dated this 12th day of September, 2011.

                                                          *s/Charles R. Bridgers*
                                                          Charles R. Bridgers
                                                          Georgia Bar No. 080791