# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JON MARK LAMONTE, | : |
| Plaintiff, | : |
| vs. | : Civil Action Number: |
| | : 1:10-CV-02658-JOF |
| CRAWFORD & COMPANY, | : |
| Defendant. | : |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
NOTICE OF OBJECTION TO DECLARATION TESTIMONY AND
MOTION FOR LEAVE TO AMEND INITIAL DISCLOSURES**

Plaintiff Jon Mark LaMonte, by and through the undersigned counsel, responds to Defendant's Notice of Objection to Declaration Testimony[Dkt. 46], moves for Leave to Amend his Initial Disclosures and shows the Court as follows:

## INTRODUCTION

Defendant argues that the affidavit testimony of Karen Fortune of the Investigative Accounting Group should be discarded because she is an expert witness whom Plaintiff did not disclose in his Initial Disclosures. Defendant further asserts that the Plaintiff's affidavit testimony is sham testimony that should be ignored by Court. Defendant's arguments are specious.

## STATEMENT OF FACTS

Plaintiff filed his Complaint [Dkt. 1] in the instant case on August 24, 2010.

On December 9, 2010, Plaintiff filed his Initial Disclosures [Dkt. 12]. On Exhibit B of Plaintiff's Initial Disclosures, Plaintiff stated:

> If the case proceeds to trial, it is likely that Plaintiff will designate Laurie Dyke of Investigative Accounting Services to present information to the jury. Ms. Dyke would not offer opinions but would explain how Plaintiff's damages are calculated from the evidence presented.
> Laurie Dyke
> Investigative Accounting Services
> 1000 Johnson Ferry Road
> Suite D-100
> Marietta, Georgia 30068

Defendant filed its Initial Disclosures [Dkt. 14] on December 15, 2010 and its Amended Initial Disclosures [Dkt. 16] on January 16, 2011. Defendant did not identify in either document three witnesses whose affidavits it later offered in support of its Motion for Summary Judgment [Dkt. 39]. These are Thele Moore [Dkt 39-4], Dennis Peters [Dkt 39-5] and Brett Bartlett [Dkt 39-6].

On November 9, 2010, Plaintiff served Defendant a Request for Production of Documents that included the following as Request No. 7:

> All work/shift schedules, attendance sheets, sign-in sheets and sign-out sheets, payroll journals, ledgers,

> clock-in and clock-out sheets and all other Documents, letters copies of e-mail communication, memoranda, notes to file, statements or records of any other oral, written or electronic communication for the Relevant Time Period evidencing Plaintiff's attendance, non-attendance or hours present at work.
> See, Declaration of Charles Bridgers, ¶¶ 2-3 and Exhibit "A" thereto.

On January 21, 2011, more than one month after its response was originally due, Defendant responded to Request No. 7 as follows:

> Defendant objects to Request No. 7 on the grounds that it is overly broad and unduly burdensome to satisfy. Subject to and without waiving these objections, Defendant notes that Plaintiff worked claims in the field and was not "present at work" or subject to a "shift schedule[]" in the sense described in the Request. For this reason, traditional "work/shift schedules, attendance sheets, sign-in and sign-out sheets," and the like, were not used by Plaintiff and do not exist. Nevertheless, Defendant will produce responsive documents after the Parties agree to the terms of a protective order and such order is entered by the Court.
> See, Declaration of Charles Bridgers, ¶¶ 4-5 and Exhibit "B" thereto.

On February 2, 2011, Plaintiff served Defendant a Second Request for Production of Documents that included the following Request No. 7:

> Any and all emails sent either from or to Plaintiff via the Lotus system during the Relevant Time Period. These should be produced in electronic format with the time and date stamp attached.
> See, Declaration of Charles Bridgers, ¶¶ 5-6 and Exhibit "C"

- 3 -

thereto.

On March 10, 2011, Defendant responded to Second Request No. 7 as follows:

> Defendant objects to Request No.7 on the grounds that it is overly broad, unduly burdensome to satisfy, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No.7 to the extent it calls for Defendant to produce confidential information, including confidential business or proprietary information regarding Defendant or its customers
> See, Declaration of Charles Bridgers, ¶¶ 7-8 and Exhibit "D" thereto.

On May 13, 2011, Plaintiff's counsel sent Defendant's counsel a Local Rule 37.1 conferral letter objecting, *inter alia,* to its failure to properly respond to Second Request. No. 7.  See, Declaration of Charles Bridgers, ¶¶ 9-10 and Exhibit "E" thereto.

On the afternoon of the last day of the discovery period, May 20, 2011, Defendant served Plaintiff a portable hard drive containing the documents Plaintiff had requested in Second Request 7.  See, Declaration of Charles Bridgers, ¶¶ 11-12 and Exhibit "F" thereto.

The hard drive contained thirteen (13) Lotus Notes files, each approximately 1 gigabyte, in an archived format.  The dates of the individual emails within the

files overlapped; *i.e.,* some e-mails were duplicated in multiple files. The files contained thousands of emails. In the form presented, each of the thousands of emails would have to be printed individually and sorted by hand in order for counsel to review them. *See,* Declaration of Charles Bridgers, ¶ 13.

To expedite review of these emails, Plaintiff's counsel retained Ms. Fortune and IAG to assist in downloading, collating, counting and summarizing[1] the thousands of emails served on the last day of the discovery period. Ms. Fortune was not retained to perform a task that counsel, the Court or a jury could not perform if they had the time to work with the data in the form provided by Defendant. *See,* Declaration of Charles Bridgers, ¶ 14. See, also Declaration of Karen Fortune. [Dkt. 43-20][2]

### ARGUMENT AND CITATION OF AUTHORITY

**A. Ms. Fortune's Testimony Is A Summary Compilation That Is Admissible Under Fed. R. Evid. 1006 And Is Not Expert Testimony Under Fed. R. Evid. 702.**

Simple mathematical summaries are not expert opinions within the meaning of Fed. R. Evid. 702. *Bryant v. Farmer's Insurance Exchange,* 435 F. 3d 1114, 1124 (10th Cir. 2005). This Court has previously held that Fed. R. Evid. 1006

---

[1] Defendant mischaracterizes Ms. Fortune's work as "analysis."

[2] A computer summary is likely more accurate than collation by hand.

anticipates summary compilations that are not expert testimony under Rule 702. *Little v. Groome Transportation of Georgia, Inc.*, Order on Motion to Certify Class, Civil Action No. 1:07-cv-04455-JOF, 2008 U.S. Dist. Lexis 83701, p. 11. In that case, the Court found that a compilation of voluminous airline ground transportation vouchers and passenger itineraries by an employee in the defense counsel's firm was admissible under Rule 1006 and that it was not expert testimony under Rule 702. The Eleventh Circuit has held that the use of summary compilations under Rule 1006 is within the discretion of the court. *United States v. Hill,* 643 F. 3d 807, 842-3 (11th Cir. 2011).

Karen Fortune's work in the instant case is not the sort of statistical determination which requires the special "knowledge, skill, experience, training or education" envisioned by Rule 702. The Court or a jury could duplicate Ms. Fortune's efforts without first requiring any additional training or education.

The emails are Defendant's own records. They were provided in a format of Defendant's own choosing. Every document that Ms. Fortune reviewed and summarized was filed with Plaintiff's Memorandum in Response to Defendant's Motion for Summary Judgment. (See, Dkt. 43-3 through 43-19 and 43-21 through 43-31) Though they are voluminous; they are not complicated.

Anyone with a grade school education and a great deal of time on their

hands could perform the same task that Ms. Fortune performed, i.e., sorting the emails by the time sent and then counting the number of emails directed to each of Mr. LaMonte's supervisors and Defendant's executives after hours, on weekends, and outside the times shown on Defendant's work time records.

### B. Plaintiff Was Not Required To Identify Ms. Fortune In His Initial Disclosures.

Defendant argues by footnote that even if Ms. Fortune were not an expert, Plaintiff was still required to disclose her identity in its Initial Disclosures seeking to prevent Plaintiff from doing once what Defendant itself has done three times by means of the affidavits of Moore, Peters and Bartlett, *i.e.*, submit Declarations of witnesses not identified in its initial or amended Initial Disclosures.

Contrary to Defendant's contention in footnote 2 of its Objections, Ms. Fortune did not authenticate the emails. She merely summarized the emails provided to her by Mr. Fitzpatrick. See Declaration of Kevin D. Fitzpatrick. [Dkt. 43-4, ¶¶ 4-7]] Mr. LaMonte independently reviewed and summarized the emails and Ms. Fortune's summary. [Dkt. 43-5, ¶¶ 36-52] All of the relevant emails were provided in Plaintiff's response and were filed with the Court. Defendant has not disputed that any of these emails thus filed were not true and correct copies of emails Defendant originally provided to Plaintiff in discovery.

Rule 26 requires Plaintiff to disclose the name "of each individual likely to have discoverable information." Ms. Fortune is not a percipient fact witness. She offers no opinions. She provides no expert conclusions. She organized the emails that Defendant provided and counted them. Defendant has not disputed her counting; Defendant has not contradicted her long division. In a very real sense, Ms. Fortune has no "discoverable information."

Ms. Fortune never even arguably had "discoverable information" until Defendant dumped the voluminous data on Plaintiff on the last day of the discovery period. (See, Declaration of Kevin D. Fitzpatrick, Jr. [Dkt 43-4]) Clearly Plaintiff identified Ms. Fortune's firm, Investigative Accounting Group, in his Initial Disclosures. Can Defendant really be surprised that Plaintiff would use that same firm to help summarize the thousands of documents it delivered in an archive form on a hard drive at the eleventh hour?

Ms. Fortune's testimony is impeachment testimony. Defendant's witnesses testified that they had no knowledge and could not have had knowledge of Plaintiff's overtime work. Ms. Fortune's summary demonstrates the implausibility of that claim. Her summary and the accompanying charts illustrate that Plaintiff's supervisors and Defendant's executives received hundreds, if not thousands, of emails outside the work times shown in Defendant's records. As such, this

testimony falls within the express exception to Rule 26's disclosure requirement which states that witnesses should be identified "unless the use would be solely for impeachment."

Out of an abundance of caution, Plaintiff moves hereby for Leave to Amend his Initial Disclosures to include Ms. Fortune's name.  Plaintiff also will consent to an amendment of Defendant's Initial Disclosures to include the witnesses Defendant itself failed to disclose:  Moore, Peters and Bartlett.  Plaintiff further will consent to a brief re-opening of discovery to allow Defendant to depose Ms. Fortune, should the Court deem this appropriate.

**C. Plaintiff's Testimony Does Not Constitute Sham Testimony.**

Defendant argues that Plaintiff's Declaration should be disregarded as a "sham."  Defendant attempts to evade its liability by pointing to the truism that not every day over three years can be expected to be uniform. As Plaintiff set out in his Response to Summary Judgment [Dkt. 43], it is the employer's obligation to keep accurate records.[3] When the employer fails to keep such accurate records, it suffers legal consequences under the FLSA. Plaintiff has demonstrated that Defendant

---

[3] FLSA Section 11(c) requires employers to "make, keep and preserve records" of employees and of their "wages, hours, and other conditions and practices of employment" in accordance with regulations adopted by the Wage and Hour Division. 29 U.S.C. § 211(c).  As to those employees subject to minimum wage and overtime, payroll records must be kept that includes the hours worked each day and week. 29 C.F.R. 516.2.

knew, or should have known, that its work time records were inaccurate. As a matter of law, the burden of proof shifts to the Defendant. An employee need only present "sufficient evidence to show the amount and extent of [the uncompensated work] as a matter of just and reasonable inference," to avoid summary judgment. *Id.* at 687. *See, e.g.*, *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1315-18 (11th Cir. 2007). In the absence of accurate records, Plaintiff's approximations are sufficient. *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 471 (11th Cir. 1982)(*quoting Anderson v. Mt Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515(1946)) The law does not require Plaintiff to account with one hundred percent certainty every work hour of every day over the three year compensable period.

Defendant misrepresents the relevant legal standard. As the Eleventh Circuit recently stated in *Faulk v. Volunteers of Am., N. Am., Inc.*, 2011 U.S. App. LEXIS 17796 (11th Cir. Ala. Aug. 24, 2011) an affidavit may only be disregarded where it "flatly contradicts earlier deposition testimony without valid explanation." (citing Van *T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). As the Eleventh Circuit continued in *Faulk*, "But the court must be careful to distinguish 'between discrepancies which create transparent shams and discrepancies which create an issue of credibility or go to the weight of the

evidence.'" Id. (*citing Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986)(" [E]very discrepancy contained in an affidavit does not justify a district court's refusal to give credence to such evidence[4]. In light of the jury's role in resolving questions of credibility, a district court should not reject the content of an affidavit even if it is at odds with statements made in an early deposition.") [5]

As the Court in held in *Lawver v. Hillcrest Hospice, Inc.*, 300 Fed. Appx. 768, 771 (11th Cir. 2008):

"We have held that the *Van T. Junkins* rule should be used sparingly:

> [as] to allow every failure of memory or variation in a witness' testimony to be disregarded as a sham would require far too much from lay witnesses and would deprive the trier of fact of the traditional opportunity to determine which point in time and with which words the affiant was stating the truth.
> Id. (citing [Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1316 (11th Cir. 2007)] (quoting *Tippens v. Celotex Corp.*, 805 F.2d 949, 953-54 (11th Cir. 1986))

---

[4] See *Croom v. Balkwill*, 645 F.3d 1240, 1253 (11th Cir. Fla. 2011)(Noting that "variations of testimony" and "instances of failed memory" may go to the weight and credibility of the evidence, as opposed to falsehood rendering an affidavit as a disregardable "sham."

[5] *Tippens v. Celotex Corp.*, 805 F.2d 949, 955 (11th Cir. 1986) (Hill, J., specially concurring) ("The Lane decision drastically limits this court's holding in [Van T. Junkins]."). We have explained that the Van T. Junkins "rule is applied 'sparingly because of the harsh effect it may have on a party's case.'" *Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1316 (11th Cir. 2007) (*quoting Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1530 (11th Cir. 1987)).

*Allen* was an FLSA case. The court held, "to the extent an individual plaintiff varied from the statements made in his or her declaration about hours worked, it was to admit that he or she lacked certainty about the number of hours worked, and on what days they had worked those hours. This is the type of inconsistency that the [Defendant] should test through cross-examination at trial and allow the jury to weigh in determining the credibility of each plaintiff's testimony in support of his or her claims." *Id*., at 1317.  Plaintiff's Declaration does not flatly contradict any of his deposition testimony.  Defendant's examples pick around the edges of Plaintiff's testimony and ignore the mass of undisputed fact contained therein. Defendant's factual dispute with Plaintiff's Declaration is, at most, a matter for a jury.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS & FITZPATRICK, LLC**

| | |
|---|---|
| 3100 Centennial Tower | *s/ Kevin D. Fitzpatrick, Jr.* |
| 101 Marietta Street | Kevin D. Fitzpatrick, Jr., |
| Atlanta, GA 30303 | Ga. Bar No. 262375 |
| (404) 979-3171 | |
| (404) 979-3170 (f) | *s/ Charles R. Bridgers* |
| kevin.fitzpatrick@dcbflegal.com | Charles R. Bridgers |
| charlesbridgers@dcbflegal.com | Ga. Bar No. 080791 |
| | |
| | Counsel for Plaintiff |

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JON MARK LAMONTE | : |
| | : |
| Plaintiff, | : |
| | : Civil Action Number: |
| vs. | : |
| | : 1:10-CV-02658-JOF |
| CRAWFORD & COMPANY, | : |
| | : |
| Defendant. | : |

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULES**

In accordance with N.D. Ga. R. 7.1(d), I certify that the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF OBJECTION TO DECLARATION TESTIMONY AND MOTION FOR LEAVE TO AMEND INITIAL DISCLOSURES was prepared in Times New Roman, 14 point font, one of the fonts specified in N.D. Ga. R. 7.1(d).

*s/ Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JON MARK LAMONTE | : |
| | : |
| Plaintiff, | : |
| | : Civil Action Number: |
| vs. | : |
| | : 1:10-CV-02658-JOF |
| CRAWFORD & COMPANY, | : |
| | : |
| Defendant. | : |

## **CERTIFICATE OF SERVICE**

I certify that this day I have electronically filed a copy of the following documents through the ECF system of the Northern District of Georgia:

- PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF OBJECTION TO DECLARATION TESTIMONY AND MOTION FOR LEAVE TO AMEND INITIAL DISCLOSURES
- DECLARATION OF CHARLES R. BRIDGERS, WITH ATTACHMENTS

This 17th day of November, 2011

*s/ Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791