**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Jon Mark LaMonte, | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : |
| v. | : 1:10-cv-02658-JOF |
| | : |
| Crawford & Company, | : |
| | : |
| Defendant. | : |

## **ORDER**

This matter is before the court on Defendant's Motion for Attorney Fees [37].

Plaintiff Jon Mark LaMonte filed the present suit against Defendant Crawford & Company on August 24, 2010, alleging that Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, by failing to pay Plaintiff overtime for hours worked. On May 20, 2011, Plaintiff filed a motion to compel and for sanctions. More specifically, Plaintiff sought to compel Defendant to produce three witnesses for depositions in the closing days of an extended discovery period. The court denied Plaintiff's motion on August 9, 2011, finding that Plaintiff did not provide Defendant adequate time to prepare for the depositions and also gave the court no reason why he waited until the waning days of discovery to notice the depositions. *See* Order, dated August 9, 2011, D.E. [36], at 5. The court also found that Defendant did in fact attempt to accommodate Plaintiff in several ways, but Plaintiff was less than diligent in attempting to cooperate and schedule the depositions. *Id.* The court also

accepted Defendant's argument that sanctions against Plaintiff were appropriate for his filing of the motion, and directed Defendant to file a motion seeking reasonable expenses within 20 days of the order. *Id.* at 5-6. That motion is now before the court.

Defendant seeks $17,424.00 in legal expenses. Defendant's counsel avers that it spent 32.6 hours preparing Defendant's opposition brief to Plaintiff's motion to compel and 27 hours preparing the instant motion for attorney fees, for a total of 59.6 hours. Of those 59.6 hours, 4.7 hours were billed by Brett Bartlett, chair of the Atlanta Department of Seyfarth Shaw LLP's Labor & Employment group, at the rate of $495 per hour, and 54.9 hours were billed by Kevin M. Young, a fourth-year associate in Seyfarth Shaw's Labor & Employment Group, at the rate of $275 per hour. In support of its contentions, Defendant filed the declaration of Brett Bartlett, as well as detailed billing statements.

Plaintiff does not dispute the reasonableness of the hourly rates charged by Defendant's counsel, but does contend that the hours requested are unreasonable. Plaintiff urges that Mr. Young's expenditure of 30.9 hours in responding to Plaintiff's four-page motion to compel is clearly excessive given the "elementary nature of the legal and factual issues encompassed in the motion." Pl.'s Resp. to Defs.' Mot. for Attorney Fees, at 5. According to Plaintiff, Defendant's request includes excessive, redundant, or otherwise unnecessary hours. Plaintiff also contends that 27 hours is excessive for its "relatively elementary attorneys' fee application." *Id.* at 8. Plaintiff asserts that there is no conceivable

2

explanation for having spent that amount of time to prepare a ten and a quarter page brief in support of Defendant's fee application.

To calculate reasonable attorney's fees, the court must determine the lodestar. *ACLU of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Lodestar calculation requires "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate[,] . . . and [t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Id.* (internal quotations and citations omitted). The fee applicant can satisfy that burden by providing the court with "records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . ." *Id.* The court must assess the reasonableness of both the rate and the hours. *See id.*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The parties do not dispute the rates charged by Defendant's attorneys, and the court can rely on its own judgment and experience to determine an appropriate rate. *See Norman*, 836 F.2d at 1303. Based upon the court's own judgment and experience, the court finds that the hourly rates of $495 and $275 are reasonable.

3

Next, the court must determine whether Defendant's requested hours are reasonable. *Norman*, 836 F.2d at 1301. Again, Defendant's counsel claims that it spent 32.6 hours preparing Defendant's opposition brief to Plaintiff's motion to compel. In its motion to compel, Plaintiff sought to compel Defendant to produce three witnesses for depositions in the closing days of the discovery period. Plaintiff's brief in support of its motion to compel was only four pages long. Defendant's response brief, by contrast, totaled 21 pages and was accompanied by declaration testimony and 11 exhibits containing email communications between the parties. Defendant contends such a response was necessary in light of Plaintiff's request for sanctions and because Defendant had to present and explain the entire record of facts in order to rebut Plaintiff's charge that Defendant was somehow to blame for Plaintiff's failure to take certain depositions.

The court disagrees and finds that Defendant's request is unreasonable. Plaintiff's motion to compel was relatively straightforward and Defendant's response should not have required 32.6 hours of work. The court finds that the associate working on the matter, Kevin Young, should have spent no more than 17 hours researching and drafting Defendant's opposition brief. Similarly, concerning the motion for reasonable expenses, Kevin Young should have spent no more than ten hours preparing and drafting a straightforward attorney fees request, and Bruce Bartlett should have spent no longer than one hour reviewing Mr. Young's work.

The resulting lodestar is 2.7 attorney hours at $495 per hour and 27 attorney hours at $275 per hour, for a total of $8,761.50 in legal fees.

4

The court GRANTS IN PART AND DENIES IN PART Defendant's Motion for Attorney Fees [37].

**IT IS SO ORDERED** this 7th day of March, 2012.

   S/   J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)